Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| CÁNDIDO ALFONSO BAJOS<br><br>Peticionario<br><br>V.<br><br>CARMEN PATRICIA PÉREZ DE MOYA<br><br>Recurrida | TA2025AP00343 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm. BY2025CV00608<br><br>Sobre: Liquidación de Comunidad de Bienes |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de diciembre de 2025.

Comparece el Sr. Cándido Alfonso Bajos ("Alfonso Bajos" o "peticionario") en el presente recurso de apelación —*que fue acogido como un certiorari*—, para que revisemos la *RESOLUCIÓN Y ORDEN* emitida el 18 de agosto de 2025,[1] por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). Entre otras cosas, el TPI le impuso al peticionario el pago de $300.00 a favor de la señora Carmen Patricia Pérez De Moya ("Pérez De Moya" o "recurrida") en el término de quince (15) días por haber obligado a la recurrida a incurrir en recursos adicionales para proteger sus derechos propietarios. En específico, añadió que en la *"MOCIÓN CONJUNTA SOBRE ESTIPULACIÓN DE ALIMENTOS FINALES"* del caso DDI2019-0089, las partes estipularon que el peticionario estaría cediendo su participación en el título de la propiedad inmueble a la recurrida.

Evaluada la totalidad del expediente, **denegamos** el presente recurso de *certiorari.* Veamos.

---

[1] Notificada el mismo día.

**-I-**

Del Sistema Unificado de Manejo y Administración de Casos (SUMAC) para este caso surge que el **5 de febrero de 2025**, el señor Alfonso Bajos presentó una *Demanda* sobre liquidación de la comunidad de bienes post-ganancial contra la señora Pérez De Moya.[2] Dicho vínculo matrimonial quedó disuelto mediante la Sentencia dictada en el caso civil núm. **D DI2019-0089** emitida el 12 de julio de 2019 y notificada el 16 de julio de 2019. Adujo que, a ese momento, la comunidad de bienes post-ganancial limitaba a que se liquidara unos bienes muebles y la propiedad inmueble adquirida durante el matrimonio. Añadió que era dueño del 50% de la propiedad inmueble; acreedor de un crédito de 50% del dinero privativo invertido en cumplir con ciertas deudas de bienes gananciales; y, al 50% del valor de los bienes muebles que aún restan por liquidarse. Reclamó que no deseaba permanecer en la comunidad de bienes post-ganancial con la recurrida, por lo cual solicitó que se declarase con lugar la demanda instada, se liquidara la comunidad existente y se ordenara la venta judicial del inmueble.

Tras varios trámites procesales, el **7 de julio de 2025**, la señora Pérez De Moya sometió una *MOCIÓN PARA ASUMIR REPRESENTACIÓN LEGAL Y EN SOLICITUD DE TÉRMINO PARA PRESENTAR ALEGACIÓN RESPONSIVA*.[3] En igual fecha, el TPI declaró *Ha Lugar* la antes dicha solicitud.[4] Así, el **6 de agosto de 2025**, la recurrida contestó la demanda e instó una reconvención.[5] Solicitó, entre otras cosas, que se ordenara el inventario real con el correspondiente avaluó y valoración de todos los activos y pasivos, con el fin de liquidar la comunidad post-ganancial. Además, solicitó que se establecieran las medidas necesarias para garantizar que no

---

[2] Entrada Núm. 1 del caso *BY2025CV00608* en SUMAC.

[3] Entrada Núm. 14 del caso *BY2025CV00608* en SUMAC.

[4] La *Orden* fue emitida el 7 de julio de 2025 y notificada el 8 de julio de 2025. Entrada Núm. 15 del caso *BY2025CV00608* en SUMAC.

[5] Entrada Núm. 16 del caso *BY2025CV00608* en SUMAC.

se menoscabara la comunidad. Además, el **7 de agosto de 2025**, la señora Pérez De Moya presentó una *SOLICITUD DE ORDEN SOBRE CESE*.[6] Adujo que era un hecho incontrovertido que ambas partes adquirieron durante el matrimonio —y con carga a la sociedad legal de gananciales— un inmueble localizado en la Urb. Mansiones Reales Calle Felipe I E-4 en Guaynabo. Añadió que, conforme a los acuerdos estipulados en el caso **D DI2019-0089**, el señor Alfonso Bajos le cedió su participación en el título de dicho inmueble.[7] Por lo cual, el referido acuerdo fue acogido mediante la *Resolución* del 2 de diciembre de 2022.[8] Señaló que el peticionario mantiene un crédito a su favor.  No obstante, añadió que, pese a tener el conocimiento de los hechos referentes al inmueble, el señor Alfonso Bajos colocó sin autorización ni autoridad un anuncio de venta sobre el mencionado inmueble en *clasificadosonline.com*.[9] Por lo cual, solicitó que se le ordenara al peticionario a que —en no menos de veinticuatro (24) horas— acreditara haber eliminado cualquier anuncio de venta y se le impusiera sanciones económicas.

En cumplimiento de orden,[10] el **14 de agosto de 2025**, el señor Alfonso Bajos sometió una moción que, entre otras cosas, adujo que en el aludido anuncio perseguía conocer el valor actual del bien inmueble; no obstante, indicó que había retirado el anuncio.[11] Referente a la cesión del inmueble, señaló que no se

---

[6] Entrada Núm. 17 del caso *BY2025CV00608* en SUMAC.

[7] La recurrida anejó la *MOCIÓN CONJUNTA SOBRE ESTIPULACIÓN DE ALIMENTOS FINALES* con fecha del 15 de noviembre de 2022; Anejo 1 de la Entrada Núm. 17 del caso *BY2025CV00608* en SUMAC. Véase, además, *Resolución* emitida el 2 de diciembre de 2022, notificada el 5 de diciembre de 2022 en el caso *D DI2019*-0089, Apéndice II de la Entrada Núm. 4 del caso *TA2025AP00343* en SUMACTA.

[8] Véase, además, *Resolución* emitida el 2 de diciembre de 2022 notificada el 5 de diciembre de 2022, en el caso *D DI2019*-0089, Apéndice II de la Entrada Núm. 4 del caso *TA2025AP00343* en SUMACTA.

[9] Anejo 2 de la Entrada Núm. 17 del caso *BY2025CV00608* en SUMAC.

[10] *Orden* emitida el 7 de agosto de 2025, notificada el 8 de agosto de 2025, en la cual el TPI le concedió cinco (5) días al peticionario para expresarse en cuanto a la solicitud de la recurrida. Véase, Entrada Núm. 19 del caso *BY2025CV00608* en SUMAC.

[11] Entrada Núm. 22 del caso *BY2025CV00608* en SUMAC.

configuró dado que la recurrida incumplió con su parte del acuerdo y el inmueble aún pertenece a ambos.

El **18 de agosto de 2025**, el TPI emitió una *RESOLUCIÓN Y ORDEN,*[12] en la cual resolvió lo siguiente:

- ➢ En cuanto a la solicitud de orden para que se elimine el anuncio de venta de la propiedad, académica, según lo informado mediante la moción presentada a la entrada 22 de SUMAC.

- ➢ En cuanto a la solicitud de imposición de sanciones, se le imponen al demandante Cándido Alfonso Bajos el pago de $300.00 a favor de la parte demandada en el término de quince (15) días, por haber obligado a dicha parte a incurrir recursos adicionales para proteger sus derechos propietarios, en esta etapa de los procedimientos. Surge de la "MOCIÓN CONJUNTA SOBRE ESTIPULACIÓN DE ALIMENTOS FINALES" suscrita por el aquí demandante el 15 de noviembre de 2022 y por la aquí demandada el 21 de noviembre de 2022 en el caso D DI2019-0089, que las partes estipularon que al suscribir el referido acuerdo el señor Alfonso Bajos estaría cediendo su participación en el título de la propiedad aquí en controversia a la señora Pérez De Moya. Por lo tanto, la cesión de la titularidad se consumó con la firma de la referida estipulación. Si bien la misma estaba sujeta a las condiciones que más adelante se establecieron en el documento, ninguna incluía la entrega previa al señor Alfonso Bajos de los $142,000.00 que le correspondían como su participación en el valor de la propiedad, luego de la cesión de $20,000.00 que allí mismo se pactó. Mediante la estipulación, dicha cantidad de $142,000.00 se constituyó en un crédito a favor del señor Alfonso Bajos. De la estipulación no surge que la demandada tenía que realizar un pago previo de dicho crédito, ni que la cesión estuviera condicionada a la entrega monetaria de dicha cantidad. Conforme a la estipulación, sobre el referido crédito el aquí demandante ser reservó el derecho de su cobro mediante su uso para: 1) cubrir una deuda que pudiera surgir a favor de la señora Pérez De Moya; 2) para que se le acredite de cualquier forma; o 3) para el pago de su partida, todo ello en el pleito de liquidación, lo cual no ha ocurrido. Cabe señalar, que en la misma estipulación se consigna que debido a la cesión de la propiedad, no se consideró porción de vivienda en la pensión final a ser fijada. A nuestro juicio, ello confirma el efecto inmediato de la cesión y la ausencia de una condición de entrega de la participación del aquí demandante para la consumación de la cesión. No surge del expediente que dicha estipulación que fue avalada por el Tribunal, haya sido modificada o dejada sin efecto. Siendo así, al publicar el anuncio de venta de la propiedad que provocó las mociones aquí atendidas, el señor Alfonso Bajos se abrogó sobre la misma una autoridad que no tiene en este momento y obligó a la demandada a comparecer al Tribunal para hacer valer su derecho propietario en esta etapa de los procedimientos.[13]

---

[12] Notificada el mismo día.; Entrada Núm. 26 del caso *BY2025CV00608* en SUMAC.

[13] Entrada Núm. 26 del caso *BY2025CV00608* en SUMAC.

El **16 de septiembre de 2025**, el señor Alfonso Bajos presentó ante nos un recurso de apelación, el cual acogimos como un *certiorari*.[14] Allí, señaló la comisión del siguiente error:

> *ERR[Ó] EL TRIBUNAL DE PRIMERA INSTANCIA EN DERECHO Y ABUS[Ó] DE SU DISCRECIÓN AL IMPONER SANCIONES Y HACER UNA DETERMINACI[Ó]N DE TITULARIDAD Y EL CUMPLIMIENTO DEL ACUERDO DE FORMA SUMARIA Y SIN AQUILATAR PRUEBA A[Ú]N EXISTIENDO UNA CLARA CONTROVERSIA TRABADA SOBRE LA INTENCI[Ó]N DE LAS PARTES Y EL INCUMPLIMIENTO DEL MISMO. [sic].*

En cumplimiento de orden,[15] el **28 de septiembre de 2025,** la señora Pérez De Moya sometió su oposición de la expedición del *certiorari*.[16] Así, dimos por sometido el asunto para la consideración del Panel.

**-II-**

El auto de *certiorari* es un medio procesal de carácter discrecional, que a su vez, permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[17] Así, se entiende por discreción como el poder para decidir en una forma u otra; esto es, para escoger entre uno o varios cursos de acción.[18]

Por ello, la Regla 52.1 de Procedimiento Civil, delimita las instancias en que habremos de atender —*vía certiorari*— las resoluciones y órdenes emitidas por los tribunales de instancia:

> [E]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. **Al denegar la expedición de un recurso de *certiorari* en**

---

[14] Véase, Entrada Núm. 1 del caso *TA2025AP00343* en SUMACTA.

[15] *Resolución* emitida y notificada por este Tribunal Apelativo el **19 de septiembre de 2025**. Véase, Entrada Núm. 2 del caso *TA2025AP00343* en SUMACTA.

[16] Entrada Núm. 4 del caso *TA2025AP00343* en SUMACTA.

[17] *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337 – 338 (2012).

[18] *García v. Asociación,* 165 DPR 311, 321 (2005).

**estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión**. [...].[19]

Bajo el carácter de discrecionalidad, la Regla 40 del Reglamento de este Tribunal de Apelaciones establece los siguientes criterios para mostrar causa o para la expedición del auto de *certiorari*:

    (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
    (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
    (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
    (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
    (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
    (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
    (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[20]

En consecuencia, el Tribunal Supremo de Puerto Rico ha dispuesto que:

> [d]e ordinario, no se intervendrá con el ejercicio de discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial.[21]

De manera, que si la actuación del foro recurrido no está desprovista de base razonable —ni perjudica los derechos sustanciales de las partes— deberá prevalecer el criterio del juez de instancia a quien le corresponde la dirección del proceso.[22]

**-III-**

En esencia, el peticionario nos plantea que el TPI erró al imponerle una sanción económica y hacer una determinación de

---

[19] Regla 52.1 de las Reglas de Procedimiento Civil 2009, 32 LPRA Ap. V., R. 52.1. *Énfasis nuestro.*
[20] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62 – 63, 215 DPR __ (2025).
[21] *Zorniak Air Services v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).
[22] *SLG Zapata- Rivera v. JF Montalvo,* 189 DPR 414, 434 – 435 (2013).

titularidad de forma sumaria, cuando aún existía una controversia sobre la intención de las partes y el incumplimiento del acuerdo.

No obstante, una evaluación objetiva de la *Resolución y Orden* recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de manejar los casos de la manera que entiendan más adecuada. No contemplamos ninguna de las excepciones de la Regla 52.1 de Procedimiento Civil, *supra*, para intervenir con la determinación recurrida.

Tampoco hay prueba en el expediente tendiente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Por lo cual, en el ejercicio de la discreción que nos permite la citada Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* no intervendremos con la resolución recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** expedir el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones